**Electronically Filed
Intermediate Court of Appeals
28473
16-NOV-2010
08:13 AM**

NO. 28473

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHELE R. STEIGMAN, Plaintiff-Appellant, v.
OUTRIGGER ENTERPRISES, INC., dba OHANA SURF HOTEL,
Defendant-Appellee, and JOHN DOES 1-5; JANE DOES 1-5;
DOE ENTITIES 1-5; DOE PARTNERSHIPS 1-5; DOE LIMITED
PARTNERSHIPS 1-5; DOE JOINT VENTURE 1-5 AND
DOE CORPORATIONS 1-5, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-0274)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Michele R. Steigman (**Steigman**) appeals from the March 6, 2007 Final Judgment (**Final Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Defendant-Appellee Outrigger Enterprises, Inc., doing business as Ohana Surf Hotel (**Outrigger**).[1]

This appeal arises from a jury trial wherein the jury rejected Steigman's negligence claim against Outrigger. On appeal, Steigman contends that the Circuit Court erred by: (1) denying her Hawai'i Rules of Civil Procedure (**HRCP**) Rule 50 Motion for Judgment as a Matter of Law and HRCP Rule 50 Motion for Judgment Notwithstanding the Verdict, or in the alternative,

---

[1]   The Honorable Victoria S. Marks presided.

for New Trial;[2/] (2) instructing the jury that a hotel operator may not, under certain circumstances, be liable for physical harm caused by known or obvious dangers; (3) failing to strike references to non-admissible evidence; and (4) failing to strike Outrigger's expert testimony for, *inter alia*, violation of the Hawai'i Rules of Evidence (**HRE**) Rule 615 witness exclusionary rule.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Steigman's points of error as follows:

(1)   Steigman argues that the Circuit Court erred in denying her Motion for Judgment as a Matter of Law and Motion for a New Trial because "the only reasonable conclusion was that Outrigger was negligent."  We disagree.

An occupier of land, such as a hotel operator, has a duty to use reasonable care for the safety of all persons reasonably anticipated to be upon the premises, including hotel guests.  Bidar v. Amfac, Inc., 66 Haw. 547, 552, 669 P.2d 154, 159 (1983).  This duty is to take reasonable steps to eliminate, or adequately warn users against, conditions posing an unreasonable risk of harm if the possessor of land knows or should have known of the unreasonable risk.  Corbett v. Ass'n of Apartment Owners of Wailua Bayview Apartments, 70 Haw. 415, 417, 772 P.2d 693, 695 (1989).  Liability cannot be imposed when the possessor of land has not been put on actual or constructive notice of the unsafe condition or defect that allegedly causes

_____

[2/]     Since 1993, HRCP Rule 50 has referred to "motions for judgment notwithstanding the verdict" as "renewed motions for judgment as a matter of law."  See Nelson v. University of Hawai'i, 97 Hawai'i 376, 392 n.14, 38 P.3d 95, 112 n.14 (2001) (citing HRCP Rule 50).  As this amendment was not intended to result in a substantive change of law, see id., we shall hereafter refer to Steigman's "motion for judgment notwithstanding the verdict" under the correct terminology.

plaintiff's injury. <u>Harris v. State</u>, 1 Haw. App. 554, 557, 623 P.2d 446, 448 (1981).

The duty of care owed by a private possessor of land, such as Outrigger, does not require or include "the elimination of known or obvious hazards which are not extremes and which [the person claiming injury] would reasonably be expected to avoid." <u>Id.</u> (citation omitted); <u>see also</u> <u>Kole v. AMFAC, Inc.</u>, 69 Haw. 530, 532, 750 P.2d 929, 930 (1988).

While the existence of a duty is a question of law, <u>McKenzie v. Hawaii Permanente Med. Group, Inc.</u>, 98 Hawai'i 296, 298, 47 P.3d 1209, 1211 (2002), the discreet determination of whether a condition is, in fact, known or obvious is generally a question for the trier of fact. <u>See</u> <u>Gelber v. Sheraton-Hawaii Corp.</u>, 49 Haw. 327, 330-331, 417 P.2d 638, 640 (1966) (instruction permitting jury to find that condition in hotel was obvious permissible if obviousness sufficiently supported by record evidence); <u>cf.</u> <u>Tabieros v. Clark Equipment Co.</u>, 85 Hawai'i 336, 364, 944 P.2d 1279, 1307 (1997) (in product liability suit, citing case law for proposition that "[a]lthough the question of whether a duty exists is one of law, the question of whether a risk is obvious or generally known is one of fact and thus should be decided by the trier of fact when reasonable minds may differ."); <u>Maguire v. Hilton Hotels Corp.</u>, 79 Hawai'i 110, 116-17, 899 P.2d 393, 399-400 (1995) (in negligence suit against hotel, concluding that existence of duty turned on reasonable forseeability of injury which is a question of fact unless reasonable minds cannot differ).

Based on Steigman's own testimony, she stepped barefoot and wet onto a lanai that was exposed to wind and rain immediately after, and possibly during, a heavy rainstorm without looking at the lanai's smooth concrete floor. Prior to Steigman's accident, there were no reported incidents of guests falling on wet lanai surfaces, although it was known that the

3

lanais could become slippery when wet. In addition, Steigman's expert witness testified that the co-efficient of friction of the lanai's surface when wet was below the minimum co-efficient of friction for a safe walking surface. While there is conflicting evidence in the record, we cannot conclude that there can be but one reasonable conclusion as to the proper judgment. Accordingly, we conclude that the Circuit Court did not err in denying Steigman's motion for judgment as a matter of law and did not abuse its discretion in denying Steigman's motion for a new trial.

(2) Steigman argues that the Circuit Court erred by giving the "known or obvious" jury instruction because that instruction conflicts with the Hawai'i comparative negligence statute, originally enacted in 1969 and now codified at Hawaii Revised Statutes (**HRS**) § 663-31 (1993). The jury instruction and HRS § 663-31 respectively provide that:

> A hotel operator is not liable to its guests for physical harm caused to them by any activity or condition in the hotel whose danger is known or obvious to them, unless the hotel operator should anticipate the harm despite such knowledge or obviousness.
>
> The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the guest, exercising ordinary perception, intelligence, and judgment.

> § 663-31. **Contributory negligence no bar; comparative negligence; findings of fact and special verdicts.** (a) Contributory negligence shall not bar recovery in any action by any person . . . for negligence resulting in . . . injury to person or property, if such negligence was not greater than the negligence of the person...against whom recovery is sought, but any damages allowed shall be diminished in

proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.[3]

Steigman claims that, contrary to the challenged instruction, a known or obvious danger should, if anything, merely increase her comparative percentage of fault under HRS § 663-31 rather than completely bar her negligence action.[4] We disagree.

Hawai'i appellate courts have implicitly rejected Steigman's contention by consistently articulating and applying the known or obvious doctrine *after* the enactment of the comparative negligence statute in both published and unpublished premises liability decisions. See generally Harris, 1 Haw. App. at 557, 623 P.2d at 448 (in 1981, stating that "the duty of care which the State, as an occupier of the premises owed to the appellant does not require the elimination of known or obvious hazards which are not extremes and which appellant would reasonably be expected to avoid"); Kole, 69 Haw. at 532, 750 P.2d at 930 (in 1988, citing case law for proposition that "occupier of land has duty to warn persons coming on to land of known dangers not known by nor obvious to the latter").

---

[3]     This Court has previously summarized the legal effect of HRS § 663-31:

> Hawai'i's modified comparative negligence statute, HRS § 663-31, bars a plaintiff's recovery only if the plaintiff's negligence is greater than the negligence of all defendants involved. If recovery is not barred, HRS § 663-31 then reduces the plaintiff's recovery against the defendant or defendants by the proportion of fault of the negligent plaintiff. The purpose of this statute is to allow one party at fault in an accident resulting in injury to be recompensed for the damages attributable to the fault of another if the former's negligence was not the primary cause of the accident.

Rapoza v. Parnell, 83 Hawai'i 78, 82, 924 P.2d 572, 576 (App. 1996) (internal quotation marks and citation omitted).

[4]     There is no dispute that the subject jury instruction accurately conveys the "known or obvious" doctrine under Hawai'i law. Rather, Steigman raises the discreet argument that the "known or obvious" doctrine is *inherently* incompatible with principles of comparative negligence.

Moreover, there is no inherent conflict between the known or obvious doctrine and the comparative negligence statute. HRS § 663-31 provides that "[c]ontributory negligence shall not bar recovery in any action . . . if such negligence was not greater than the negligence of the person . . . against whom recovery is sought." Thus, the comparative negligence analysis, is applied only if the defendant is found to have been negligent.

The known or obvious doctrine is determinative of the *threshold* issue of defendant's negligence, and more specifically, whether the defendant possessor of land owes a legal duty to the injured party. See Harris, 1 Haw. App. at 557, 623 P.2d at 448 ("the duty of care which the State, as an occupier of the premises owed to the appellant does not require the elimination of known or obvious hazards which are not extremes and which appellant would reasonably be expected to avoid"). Therefore, if the finder of fact determines that the hazard falls within the known or obvious doctrine, the question of comparative negligence is never reached as the defendant owes no duty to the plaintiff, and accordingly, cannot be negligent as a matter of law. In the absence of a legal duty owed to the plaintiff, there is no negligence to compare under HRS § 663-31. Cf. Anderson v. Ruoff, 100 Ohio App.3d 601, 604, 654 N.E.2d 449, 451 (Ohio Ct. App. 1995) ("The open and obvious doctrine, therefore, is not inconsistent with the comparative negligence principles set forth in R.C. 2315.19. Rather, the open and obvious doctrine is determinative of the threshold issue, the landowner's duty."); Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 99, 485 N.W.2d 676, 683 (Mich. 1992) (rejecting argument that "open and obvious danger" rule conflicted with comparative negligence and citing case law for proposition that "before a plaintiff's fault can be compared with that of the defendant, it obviously must first be determined that the defendant was negligent."). The

Circuit Court did not err in giving the known or obvious jury instruction.[5/]

(3) Steigman argues that the Circuit Court erred in failing to strike the testimony of Outrigger's expert medical examiner, Dr. Joshua Prager, because Outrigger violated the witness exclusion rule set forth in HRE Rule 615 by discussing another witness's testimony with Dr. Prager immediately prior to Dr. Prager's testimony.

Generally, "noncompliance with a sequestration order under HRE Rule 615 does not require a new trial unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice[.]" Elmaleh, 7 Haw. App. at 493, 782 P.2d at 890 (citation and internal quotation marks omitted). The "sanctions which a court chooses to attach to the violation of its sequestration order is a matter within the discretion of the court." Id. (citation, brackets, and internal quotation marks omitted). Steigman bears the burden to demonstrate that "there was either prejudice or an abuse of discretion." Id. (citation and internal quotation marks omitted).

Even assuming that Outrigger violated the HRE Rule 615 witness exclusionary rule, Steigman has failed to meet her

---

[5/]    In challenging the known or obvious jury instruction, Steigman raises two additional arguments which we similarly reject. First, Steigman contends that this court must follow Larsen v. Pacesetter Systems, Inc., 74 Haw. 1, 35-36, 837 P.2d 1273, 1290-91 (1992) which held that, under principles of comparative negligence, "secondary implied assumption of risk" or in other words "where [a] plaintiff knows of the danger presented by a defendant's negligence and proceeds voluntarily and unreasonably to encounter it," does not automatically bar a plaintiff's recovery. Id. at 35-36, 837 P.2d at 1290-91. We reject this contention primarily because the holding in Larsen was expressly limited to product liability and warranty actions. Indeed, we are aware of no Hawaiʻi authority which has extended Larsen or the "secondary implied assumption of risk" doctrine to the instant realm of premises liability. We also note that Hawaiʻi appellate courts have, albeit in unpublished decisions, reaffirmed the vitality of the "known or obvious" doctrine within the context of premises liability after both Larsen and the enactment of the comparative negligence statute. Steigman further argues that there was no record evidence of a known or obvious condition on the lanai, and therefore, no factual basis to give the instruction. As noted above, there was substantial evidence to support such a finding by the jury.

burden.[6/] Here, the Circuit Court: (1) instructed the jury that Dr. Prager reviewed Dr. Ferrante's testimony prior to testifying and that this fact could be considered in weighing Prager's credibility; (2) permitted Steigman to cross-examine Dr. Prager about his review of Dr. Ferrante's testimony; and (3) permitted Steigman to reference Dr. Prager's review of Dr. Ferrante's testimony in closing argument. In addition, Dr. Prager's challenged testimony could not have meaningfully prejudiced Steigman because Prager's challenged testimony was restricted to the elements of causation and damages which the jury did not reach in rendering its verdict. We conclude that the Circuit Court did not abuse its discretion when it refused to strike Dr. Prager's testimony in its entirety.[7/] See Elmaleh, 7 Haw. App. at 493, 782 P.2d at 890.

(4) Steigman argues that the Circuit Court erred by failing to strike references to the content of certain documents related to the separation of her employment (these documents include a Disciplinary Report signed by Steigman and a Separation Statement unsigned by Steigman and are collectively referred to as the Termination Documents). Specifically, Steigman identifies

---

[6/] There is persuasive authority which suggests that expert witnesses, such as Dr. Prager, should generally fall outside the scope of the HRE Rule 615 witness exclusionary rule. See generally Opus 3 Ltd. v. Heritage Park, Inc., 91 F.3d 625, 629 (4th Cir. 1996) (under identical version of Federal Rules of Evidence (**FRE**) Rule 615, stating that "[b]ecause Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony, it does not mandate the sequestration of expert witnesses who are to give only expert opinions at trial."); U.S. v. Crabtree, 979 F.2d 1261, 1270 (1992) (under FRE 615, stating that "there is little if any difference between counsel disclosing prior testimony to an expert and having an expert listen to such testimony in the courtroom"); State v. Hartmann, 120 Hawai'i 49, 200 P.3d 418 (App. 2009) (unpublished SDO) (within context of HRE Rule 615, declining to conclude that expert witness could not base opinion on information received during trial).

[7/] Steigman also argues that, in violation of the Pretrial Order, Dr. Prager presented opinions to the jury not disclosed in his October 6, 2006 written report or October 10, 2006 deposition. As noted above, however, Prager's challenged testimony was confined to causation and damages which the jury did not reach in rendering its verdict. Therefore, even assuming a violation of the Pretrial Order, any error was harmless.

as error Stanley Owings' reading of his File Chronology on cross-examination, Outrigger's reference to "timecard fraud" during its cross-examination of Dr. Ferrante, and Outrigger's reference to Owings' testimony and the content of the Termination Documents during closing argument.

Owings opined, as an expert witness, that Steigman was essentially unemployable given her foot injury and lack of education. Owings testified that he reviewed numerous employment documents, including the Termination Documents, which Owings received from Steigman's counsel. Based on his evaluation, Owings drafted an assessment and attached a File Chronology which summarized the written documents reviewed during his evaluation. On cross-examination, Outrigger requested that Owings read from a portion of his File Chronology that stated that Steigman was "discharged for timecard fraud, reporting hours that she did not work, insubordination, not following directions given by supervisor, violation of company rule, safety concerns, over use of phone." The File Chronology was not admitted into evidence.

In Hawai'i, an expert witness, such as Owings, may base his or her opinion "upon matters otherwise inadmissible" in both criminal and civil actions. See Estate of Klink ex rel. Klink v. State, 113 Hawai'i 332, 355, 152 P.3d 504, 527 (2007) (citations omitted); State v. Yip, 92 Hawai'i 98, 108, 987 P.2d 996, 1006 (App. 1999) (citing HRE Rule 703). Thus, "broad cross-examination of an expert is permitted, in recognition of the liberal bases allowed for an expert's testimony." Lai v. St. Peter, 10 Haw. App. 298, 315, 869 P.2d 1352, 1361 (App. 1994), overruled on other grounds by Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawai'i 494, 502 n.10, 880 P.2d 169, 177 n.10 (1994). This principle is set forth in HRE Rule 702.1(a) and its commentary. Pursuant to Rule 702.1(a), a party may generally cross-examine an expert on the matter upon which the expert's opinion is based and the reasons for the expert's opinion, even

if the basis for the expert's opinion would ordinarily be inadmissable. See, e.g., In re Doe, 81 Hawai'i 447, 452, 456-57, 918 P.2d 254, 259, 263-64 (App. 1996); cf. Miyamoto v. Lum, 104 Hawai'i 1, 15-16, 84 P.3d 509, 523-24 (2004).

Owings, as part of his expert assessment, reviewed various employment documents, including the Termination Documents and outlined all reviewed documents in his File Chronology. Therefore, pursuant to HRE Rule 702.1(a), Outrigger could properly cross-examine Owings regarding the content of his File Chronology, which summarized the documents upon which Owings' expert opinion was largely based.

Unlike Owings, Dr. Ferrante, Steigman's expert medical examiner, did not rely on the Termination Documents in rendering his opinion and testified that he was unaware that Steigman had been terminated. As the Termination Documents were never admitted into evidence, Outrigger's reference to Steigman's alleged timecard fraud during its cross-examination of Ferrante was improper.[8] The Circuit Court failed to strike Outrigger's reference to timecard fraud or provide a curative jury instruction despite Steigman's requests.

In civil cases, the extent of cross-examination "will not be the subject of reversal unless clearly prejudicial to the complaining party." Bhakta, 109 Hawai'i at 208, 124 P.3d at 953 (internal quotation marks and citation omitted); see also Nature Conservancy v. Nakila, 4 Haw. App. 584, 596, 671 P.2d 1025, 1034 (1983) (stating that "[m]atters regarding the examination of witnesses are within the discretion of the trial court and its rulings will not be subject to reversal absent prejudicial abuse

---

[8]     While HRE Rule 608(b) permits, under certain circumstances, cross-examination into prior instances of conduct bearing on untruthfulness, the rule is generally limited to: (1) cross-examination of the witness whose credibility is being attacked; or (2) cross-examination of a witness testifying to the character of the witness whose credibility is being attacked. See HRE Rule 608(b). Here, Outrigger was not attempting to attack Dr. Ferrante's credibility and Ferrante was not testifying to Steigman's character.

of such discretion," and concluding that, even if trial court erred in overruling objection during cross-examination, error was not prejudicial) (citations omitted). We cannot conclude that Steigman was clearly prejudiced. First, the Circuit Court instructed the jury, which is presumed to follow all of the trial court's instructions, that counsel's statements and questions are not evidence. Sato v. Tawata, 79 Hawaiʻi 14, 21, 897 P.2d 941, 948 (1995) (citation omitted). Second, Dr. Ferrante's testimony was restricted to causation and damages which the jury did not reach in rendering its verdict – furthermore, Dr. Ferrante did not change his expert opinion and testified that he continued to believe Steigman. Third, and most importantly, Outrigger's reference to timecard fraud was repeated through Owing's testimony, properly elicited on cross-examination, that: (1) he received the Termination Documents from Steigman's counsel, and (2) the Termination Documents stated that Wilder Construction terminated Steigman for, *inter alia*, timecard fraud.

Steigman failed to object during closing arguments to Outrigger's reference to Owing's testimony and the content of the Termination Documents. Accordingly, this contention is waived. See Stewart v. Brennan, 7 Haw. App. 136, 148, 748 P.2d 816, 824 (1988); Young v. Price, 48 Haw. 22, 29, 395 P.2d 365, 370 (1964); cf. Doe v. Grosvenor Center Associates, 104 Hawaiʻi 500, 515, 92 P.3d 1010, 1025 (App. 2004); State v. U.S. Steel Corp., 82 Hawaiʻi 32, 55-56, 919 P.2d 294, 317-18 (1996).

For these reasons, we reject Steigman's argument that the Circuit Court reversibly erred with respect to the references to the Termination Documents.

Accordingly, the Circuit Court's March 6, 2007 Final Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, November 16, 2010.

On the briefs:

Janice P. Kim
Bruce B. Kim
for Plaintiff-Appellant

Dennis E.W. O'Connor
Michael J. McGuigan
Charles R. Prather
(Reinwald O'Connor & Playdon)
for Defendant-Appellee

Presiding Judge

Associate Judge

Associate Judge